JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| NANCY PERILSTEIN | DELOITTE & TOUCHE, LLP, DELOITTE LLP; AND DELOITTE TOUCHE TOHMATSU LIMITED |
| **(b)**  County of Residence of First Listed Plaintiff    Camden<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Philadelphia<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*<br>Lane J. Schiff , Esquire<br>Console Mattiacci Law LLC, 1525 Locust Street, 9th Floor<br>Philadelphia, PA 19102 215-545-7676 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**<br>☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 29 U.S.C. §621, et seq. ("ADEA"); N.J.S.A. § 10:501, et seq. ("NJLAD"); 43 P.S. §951, et seq. ("PHRA"); Phila. Code § 9-1101, et seq. ("PFPO").<br>Brief description of cause:<br>Plaintiff brings this action against her former employer for unlawful discrimination. |
|---|---|

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $<br>excess of $75,000 | CHECK YES only if demanded in complaint:<br>JURY DEMAND:    ☒ Yes    ☐ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE
April 1, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NANCY PERILSTEIN** | : | **CIVIL ACTION NO.** |
| **Cherry Hill, NJ** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Deloitte & Touche LLP** | : | |
| **1700 Market Street** | : | |
| **Suite 2700** | : | |
| **Philadelphia, PA 19103,** | : | |
| | : | |
| **Deloitte LLP** | : | |
| **1700 Market Street** | : | |
| **Suite 2700** | : | |
| **Philadelphia, PA 19103,** | : | |
| | : | |
| **&** | : | |
| | : | |
| **Deloitte Touche Tohmatsu Limited** | : | |
| **1700 Market Street** | : | |
| **Suite 2700** | : | |
| **Philadelphia, PA 19103** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Nancy Perilstein, brings this action against Deloitte & Touche LLP, Deloitte

LLP, and Deloitte Touche Tohmatsu Limited for unlawful age discrimination in connection with

the termination of her employment in violation of the Age Discrimination in Employment Act, as

amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the New Jersey Law Against Discrimination, as

amended, N.J.S.A. § 10:501, *et seq.* ("NJLAD"), the Pennsylvania Human Relations Act, as

amended, 43 P.S. §951, *et seq.* (hereinafter "PHRA"), and the Philadelphia Fair Practices

Ordinance, as amended, Phila. Code § 9-1101, *et seq.* ("PFPO").  Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.  **PARTIES**

1.      Plaintiff, Nancy Perilstein, is an individual and a citizen of the state of New Jersey.  She resides in Cherry Hill, New Jersey.

2.      Plaintiff was born in March 1957.

3.      Defendant Deloitte & Touche LLP a limited liability partnership with a place of business at 1700 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103.

4.      Defendant Deloitte LLP is a limited liability partnership with a place of business at 1700 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103.

5.      Defendant Deloitte Touche Tohmatsu Limited is a multinational professional services network with a place of business at 1700 Market Street, Suite 2700, Philadelphia, Pennsylvania 19103.

6.      At all times material hereto, Defendants acted by and through their authorized agents and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

7.      At all times material hereto, Defendants collectively constituted Plaintiff's employer under the joint and/or single employer doctrine.  Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities

8.      At all times material hereto, Defendants were an employer within the meanings of the ADEA, NJLAD, PHRA, and PFPO.

9.      At all times material hereto, Plaintiff was an employee within the meanings of the ADEA, NJLAD, PHRA, and PFPO.

**III.    JURISDICTION AND VENUE**

10.     The causes of action that form the basis of this matter arise under the ADEA, NJLAD, PHRA, and PFPO.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 28 U.S.C. §1331.

12.     The District Court has jurisdiction over Count II ("NJLAD"), Count III (PHRA), and Count IV (PFPO) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court pursuant to 28 U.S.C. §1391(b)(2).

14.     On or about July 15, 2020, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC") cross-filed with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("PHRC Complaint").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the PHRC Complaint (with personal identifying information redacted).

15.     On or about January 4, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     Plaintiff is filing this complaint within ninety (90) days from her receipt of this notice.

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

3

IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff commenced her employment with Defendants in or about April 2011.

19.     Plaintiff was based out of Defendants' Philadelphia, Pennsylvania office.

20.     Throughout the course of Plaintiff's employment, Plaintiff additionally regularly worked out of her home office in Cherry Hill, New Jersey, with Defendants' knowledge and permission.

21.     Plaintiff was hired as a Manager and was quickly promoted to the position of Senior Manager in or about 2012.  Plaintiff consistently performed her job duties in a highly competent manner.

22.     Plaintiff worked in the Life Sciences and Healthcare Services Industry in the Advisory Practice.

23.     Plaintiff was amongst the oldest employees in the Life Sciences and Healthcare Services Industry in the Advisory Practice.

24.     In her role as Senior Manager, Plaintiff reported to several different Partners, Principals, and Managing Directors, depending on her assignment.

25.     On multiple occasions, Plaintiff informed Defendants, including, Kevin Wijayawickrama, Principal and Healthcare Sector Leader, a Sector in which Plaintiff worked, that she was interested in being promoted to the position of Managing Director.

26.     In or about February 2018, Wijayawickrama informed Plaintiff that she should accept a demotion from Senior Manager to Specialist Leader.

27.     Wijayawickrama informed Plaintiff that she should accept the demotion because the Healthcare Sector had too many Senior Managers.  To Plaintiff's knowledge, Wijayawickrama did not make similar requests to younger Senior Managers.

4

28.    Wijayawickrama informed Plaintiff that Plaintiff should accept the demotion despite Plaintiff having previously articulated to him her desire to be promoted to the position of Managing Director.

29.    During this February 2018 meeting, Wijayawickrama further inquired of Plaintiff whether she had plans to retire. Plaintiff responded that her mother worked until she was eighty-two (82) and Plaintiff hoped she could do the same.

30.    At or around this same time, Kelly Sauders, Partner, who had previously assigned many projects to Plaintiff, began communicating less frequently with Plaintiff and assigning her less work.

31.    Sauders additionally began excluding Plaintiff from attending and presenting at compliance conferences at which Plaintiff had previously attended and presented. Plaintiff received no explanation as to why she was excluded from attending and presenting at these conferences.

32.    Instead of Plaintiff, Defendants permitted younger and less qualified Managers and Senior Managers to attend and present.

33.    On multiple occasions between February and September 2018, Defendants contacted Plaintiff to ask whether she was going to accept the demotion to Specialist Leader position.  Defendants further inquired if Plaintiff was going to instead look for outside employment or remain in a Senior Manager position with the understanding that there were too many Senior Managers and, therefore, Plaintiff's employment may be terminated if she remained in that role.

34.    In or about July 2018, Sauders, like Wijayawickrama, inquired as to whether Plaintiff had plans to retire. Plaintiff again responded that her mother worked until she was eighty-two (82), and she hoped to do the same.

35.     In or about August 2018, upon securing a significant account for Defendants, Sauders prevented Plaintiff from working on the account and assigned it to a substantially younger and less qualified employee.

36.     In or about September 2018, Plaintiff was demoted to Specialist Leader.

37.     In conjunction with the demotion, Sauders continued to assign less work and responsibilities to Plaintiff. This caused Plaintiff's standing in the company to deteriorate.

38.     Sauders instead assigned more work and responsibilities to substantially younger and less qualified employees.

39.     In or about September 2018, Plaintiff was instructed to train substantially younger and less qualified employees to do her job.

40.     In or about October 2018, Sauders assigned a substantially younger and less qualified employee to a project for a client with whom Plaintiff had previously worked and maintained a great relationship. When the employee failed to meet the client's expectations, the client requested Plaintiff's expertise on the project.  Only then did Sauders instruct Plaintiff to review the work.

41.     Defendants thereafter continued to remove work from Plaintiff and exclude her from meetings and communications related to her job duties.

42.     Defendants assigned work and projects that had previously been assigned to Plaintiff to substantially younger and less qualified employees.

43.     Defendants were trying to force Plaintiff to resign her employment due to her age.

44.     On or about June 8, 2020, Defendants terminated Plaintiff's employment, effective June 9, 2020. Plaintiff was at her home office in New Jersey when Defendants terminated her employment.

6

45.     The stated reason was business conditions at Defendants as a result of the COVID-19 impact.

46.     Defendants' articulated reason for the termination of Plaintiff is pretext.

47.     At the time of Plaintiff's termination, Defendants retained numerous substantially younger and less qualified employees.

48.     Defendants assigned Plaintiff's job duties to substantially younger and less qualified employees.

49.     Numerous older employees at Defendants informed Plaintiff that Defendants discriminated against older employees.

50.     Defendants recently terminated and/or pushed out numerous older employees.

51.     Defendants have replaced older employees with, and assigned older employees' job duties to, substantially younger and less qualified employees.

52.     Defendants have a pattern or practice of demoting and/or pushing out and/or terminating older employees due to their age.

53.     Plaintiff's age (63) was a determinative and motivating factor in the decision to terminate her employment.

54.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

55.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

56.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

## COUNT I - ADEA

57.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

58.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the ADEA.

59.     Defendants' violations of the ADEA were intentional and willful under the circumstances, warranting the imposition of liquidated damages.

60.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the injuries, damages, and losses set forth herein.

61.     No previous application been made for the relief requested herein.

## COUNT II - NJLAD

62.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

63.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated NJLAD.

64.     Defendants' conduct as set forth herein was especially egregious.

65.     Members of Defendants' upper management had actual participation in, or willful indifference to, Defendants' wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendants.

66.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

67.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

68.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

69.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PHRA.

70.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

71.     No previous application has been made for the relief requested herein.

## COUNT IV – PFPO

72.     Plaintiff incorporates by reference the paragraphs above, as if set forth herein in their entirety.

73.     By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the PFPO.

74.     Said violations warrant the imposition of punitive damages.

75.     As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has suffered the injuries, damages, and losses set forth herein.

76.     No previous application has been made for the relief requested herein

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

  a.  declaring the acts and practices complained of herein to be a violation of the ADEA;

  b.  declaring the acts and practices complained of herein to be a violation of the NJLAD;

  b.  declaring the acts and practices complained of herein to be a violation of the PHRA;

  c.   declaring the acts and practices complained of herein to be a violation of the PFPO;

  d.  enjoining and restraining permanently the violations alleged herein;

  e.  awarding Plaintiff back-pay;

  f.  awarding Plaintiff front-pay;

  g.  awarding interest;

  h.  awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

  i.  awarding liquidated damages;

  j.  awarding punitive damages;

  k.  awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

l.      awarding Plaintiff such other damages as are appropriate under the ADEA,

NJLAD, PHRA, and PFPO; and

m.     granting such other and further relief as this Court deems appropriate.


**CONSOLE MATTIACCI LAW, LLC**

Date:  4/1/22                           By:  _____
                                             STEPHEN G. CONSOLE
                                             LANE J. SCHIFF
                                             1525 Locust Street
                                             Philadelphia, PA 19102
                                             (215) 545-7676
                                             (856) 545-8211 (fax)

                                             Attorneys for Plaintiff,
                                             Nancy Perilstein

11

# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

_____

COMPLAINANT:                                    :
                                                :
**NANCY PERILSTEIN**                            :          Docket No.
                                                :
v.                                              :
                                                :
RESPONDENTS:                                    :
                                                :
**DELOITTE LLP**                                :
                                                :
and                                             :
                                                :
**DELOITTE & TOUCHE LLP**                       :
                                                :
and                                             :
                                                :
**DELOITTE TOUCHE TOHMATSU LIMITED** :
_____:

1.  The Complainant herein is:

    Name:           <u>Nancy Perilstein</u>

    Address:        <span style="background:black;color:white">REDACTED</span>
                    Cherry Hill, NJ 08003

2.  The Respondents herein are:

    Names:          <u>Deloitte LLP, Deloitte & Touche LLP; Deloitte Touche Tohmatsu
                    Limited</u>

    Address:        1700 Market Street, Suite 2700
                    Philadelphia, PA 19103

3.  I, <u>Nancy Perilstein</u>, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (63), as set forth below.

**Discrimination**

**A.  I specifically allege:**

[1]        I was hired by Respondents in or about April 2011.

[2]        I had more than nine (9) years of service at Respondents.

[3]        My birth date is March 15, 1957, and I am age sixty-three (63).

[4]        I consistently performed my job duties in a highly competent manner.

[5]        I last held the position of Specialist Leader.

[6]        My immediate supervisors included the following:

        (a) REDACTED (44[1]), Advisory Managing Director;

        (b) Kelly Sauders (45), Advisory and Lead Healthcare Partner;

        (c) REDACTED (48), Advisory Managing Director;

        (d) REDACTED (50), Consulting Managing Director;

        (e) REDACTED (53), Advisory Partner;

        (f) REDACTED (54), Advisory Managing Director;

        (g) REDACTED (54), Advisory Principal;

        (h) REDACTED (75), Advisory Managing Director.

[7]        I was the oldest employee in Respondents' Advisory Practice who was a Registered Nurse and held a Specialist Leader or Senior Manager position.

[8]        In or about June 2017, in a meeting with Kevin Wijayawickrama (48), Health Care Provider Sector Leader, I asked to be promoted to Managing Director.  We discussed the steps I needed to take to be promoted.

[9]        I acted on the steps I needed to take to be promoted to Managing Director, including obtaining significant and increased sales.

---

[1] All ages herein are approximations.

[10]     During 2018, Sauders began communicating with me less and assigning me fewer tasks and responsibilities.

[11]     In or about February 2018, Sauders excluded me from attending and presenting at a bi-annual Compliance conference that I had attended previously.  I received no explanation as to why I was excluded from attending and presenting at the conference.

[12]     Instead of me, the following employees were invited to attend and present at the Compliance conference, all of whom were substantially younger: REDACTED (29), Manager; REDACTED (32), Manager; and REDACTED (33), Senior Manager.

[13]     I was excluded from attending and presenting at the Compliance conference because of my age.

[14]     On February 28, 2018, in a meeting with Wijayawickrama, he told me that I should accept a demotion from Senior Manager to Specialist Leader.  The stated reason for demoting me was that there were too many Senior Managers at Respondents.  Wijayawickrama asked me if I had plans to retire.  I responded that my mother worked until she was eighty-two (82), and I hoped I could do the same.

[15]     On March 7, 2018, in an email to Wijayawickrama, I questioned why I was being asked to accept a demotion to Specialist Leader.  I stated that my sales for the year had been my best performance to date, and that the relationships I had cultivated with my clients suggested I was best aligned with the work of a Senior Manager, not a Specialist Leader.  I asked why Wijayawickrama had stated that there were too many Senior Managers at Respondents, what was prompting Respondents' decision to analyze head count by title, and why my title needed to change.  I expressed my disappointment that it appeared I would not be promoted to Managing Director, which was a goal I had ever since I began my employment at Respondents.

[16]     Wijayawickrama responded to my email by reiterating there were too many Senior Managers, that he thought I was aligned to be in the Specialist Leader position, that nothing would change except my title, and that Specialist Leaders had smaller sales requirements.

[17]     On multiple occasions between February and September 2018, Wijayawickrama, Sauders, and REDACTED (50), Managing Partner, contacted me to ask whether I was going to accept the Specialist Leader position, look for employment outside of Respondents, or remain in a Senior Manager position with the understanding that there were too many Senior Manager and, therefore, I may soon be out of work.

[18]     In or about July 2018, in a meeting with Sauders, she asked me if I had plans to retire.  I responded that my mother worked until she was eighty-two (82), and I hoped I could do the same.

[19]     In or about September 2018, I was demoted to Specialist Leader.

[20]     Respondents demoted me to Specialist Leader because of my age.

[21]     Respondents failed to promote me to Managing Director because of my age.

[22]     Sauders continued to assign me less work and my responsibilities decreased.

[23]     Instead of me, Sauders assigned the work and responsibilities to substantially younger employees, including to the following employees.  I was more qualified to be assigned the work and responsibilities than the substantially younger employees, including the following, who were assigned the work and responsibilities.

(a) REDACTED (29), Manager;

(b) REDACTED (30), Manager;

(c) REDACTED (31), Senior Manager;

(d) REDACTED (32), Manager;

(e) REDACTED (32), Manager;

(f) REDACTED (33), Senior Manager;

(g) REDACTED (34), Senior Manager;

(h) REDACTED (35), Senior Manager;

(i) REDACTED (38), Manager.

[24]      Sauders removed work and responsibilities from me because of my age.

[25]      In or about September 2018, I was instructed to train substantially younger employees, including REDACTED (30), Consultant, and REDACTED (32), to do my job.

[26]      In or about August 2018, when I secured a significant account for Respondents, Saunders prevented me from working on the account and assigned the account to REDACTED (38).

[27]      In or about October 2018, Sauders assigned REDACTED (32) to a project for a client I had been working with previously.  After the client requested my expertise on the project, Sauders instructed me to review the work.

[28]      Sauders continued to remove work from me and exclude me from meetings and communications related to my job duties and work I had previously been assigned.

[29]      Sauders assigned work and projects that had previously been assigned to me to substantially younger employees, including REDACTED (30) and REDACTED (38).

[30]      On June 8, 2020, in a phone call with REDACTED (50), Principal – Risk and Financial Advisory Health Plans Sector Leader, and REDACTED (40), National Risk &

Financial Advisory Campus Recruiting Leader, Respondents terminated my employment, effective the next day, June 9, 2020.  The stated reason was business conditions at Respondents as a result of the impact of COVID-19.

[31]     Respondents terminated my employment because of my age.

[32]     On June 24, 2020, on a phone call with REDACTED he asked me to work for Respondents as a subcontractor.

[33]     Respondents offered me a work as a subcontractor, instead of retaining me as an employee, because of my age.

[34]     At the time of my termination, the following substantially younger employees were retained in positions for which I was more qualified.  Respondents assigned my job duties and responsibilities to substantially younger employees, including to the following employees.  I was more qualified to perform my job duties and responsibilities than the substantially younger employees to whom Respondents assigned my job duties and responsibilities and who were retained when I was terminated.

(a) REDACTED (29), Manager;

(b) REDACTED (30), Manager;

(c) REDACTED (31), Senior Manager;

(d) REDACTED (32), Manager;

(e) REDACTED (32), Manager;

(f) REDACTED (33), Senior Manager;

(g) REDACTED (34), Senior Manager;

(h) REDACTED (35), Senior Manager;

(i) REDACTED (38), Manager.

[35]     Respondents retained substantially younger employees in positions for which I was more qualified when I was terminated.

[36]     I had no opportunity or option to remain employed with Respondents.

[37]     I had no disciplinary or performance issues throughout my employment.

[38]     Before the termination meeting, I had no indication my job was in jeopardy.

[39]     I had conversations with other older employees at Respondents, including Pichini (75), who felt that they were being pushed out because of their age.

[40]     Respondents recently terminated and/or pushed out the following older employees: REDACTED (75); REDACTED (68), Specialist Leader; REDACTED (65), Specialist Master; REDACTED (63), Specialist Master; REDACTED (62), Specialist Leader; REDACTED (60), Specialist Leader; REDACTED (56), Senior Manager; REDACTED (55), Specialist Master; REDACTED (55), Specialist Leader; REDACTED (55), Senior Manager; REDACTED (55), Senior Manager; REDACTED (55), Senior Manager; REDACTED (53), Senior Manager; REDACTED (52) Senior Manager; REDACTED (51), Senior Manager; REDACTED (51), Specialist Leader.

[41]     Respondents have replaced older employees with, and assigned older employees' job duties to, substantially younger employees.

[42]     Respondents have a pattern or practice of demoting and/or pushing out and/or terminating older employees.

[43]     Respondents did not provide me with a list of the job titles and ages of other employees who were terminated at the same time I was terminated, as required by the OWBPA to obtain a release of an ADEA claim.

[44]     Respondents' conduct and comments evidence a bias against older employees.

[45]     Respondents' age discrimination against me has caused me emotional distress.

[46]     **I bring this Complaint as a class and pattern and practice Complaint on behalf of myself and any and all current or former employees of Respondents who are age forty (40) and over, and who have been discriminated against based on age (including intentional age discrimination and disparate impact on older workers) in connection with hiring, promotion, demotion, compensation, being subjected to a hostile work environment, position selection, and/or termination decisions, and/or who have been presented with a General Release and Waiver, which purported to be a general release of claims but which failed to comply with the OWBPA, in violation of the ADEA as amended by the OWBPA.**

**B.**  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (63), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

   **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

   ____     Section 5.1 Subsection(s) _____

   ____     Section 5.2 Subsection(s) _____

_____   Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**  X     This charge will be referred to the EEOC for the purpose of dual filing.**

6.     The Complainant seeks that Respondents be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

**<u>VERIFICATION</u>**

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

7/14/2020
_____
(Date Signed)

*Nancy Perilstein*
_____
(Signature)   Nancy Perilstein
REDACTED
Cherry Hill, NJ 08003

# EXHIBIT B

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Nancy Perilstein** REDACTED **Cherry Hill, NJ 08003** | From: **Philadelphia District Office** **801 Market Street** **Suite 1000** **Philadelphia, PA 19107** |
|---|---|

| | *On behalf of person(s) aggrieved whose identity is* *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| **17F-2020-61540** | Damon A. Johnson, **State, Local & Tribal Program Manager** | (267) 589-9722 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

January 4, 2022

Enclosures(s)

**Jamie R. Williamson,** *(Date Issued)*
**District Director**

cc: **For Respondent: DELOITTE LLP; DELOITTE & TOUCHE LLP; DELOITTE TOUCHE TOHMATS**

**Tanner McCarron, Esq.**
**Littler Mendelson P. C.**
**Via email: tmccarron@littler.com**

**For Charging Party:**
**Lane J. Schiff, Esq.**
**Console Mattiacci Law, LLC**
**Via email: schiff@consolelaw.com**